# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VINCENT R. NEWBY,

    Petitioner,

    v.

GERALD L. ROZUM, *Superintendent*, *S.C.I. Somerset*,

    Respondent.

NO. 3:07-CV-00734

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Petitioner Vincent R. Newby's 'Motion to Vacate Judgement (sic) Dismissing Complaint . . .', in response to the Court's Order of April 27, 2007, denying the habeas corpus petition he filed pursuant to Title 28 of the United States Code, section 2254. (Doc. 4.) This motion will be analyzed as a motion to reconsider the Petitioner's section 2254 habeas petition. For the reasons stated below, this motion will be dismissed.

## BACKGROUND

On July 20, 2005, Petitioner was sentenced in York County, Pennsylvania to a sentence of between 2.5 and 5 years based on convictions for involuntary manslaughter and possession of an unlicensed firearm. On June 7, 2006, the Superior Court of Pennsylvania affirmed the judgment of conviction, and the Supreme Court of Pennsylvania denied the petition for allowance of appeal on December 5, 2006. (Pet. ¶ 9, p. 2.) He is currently incarcerated at S.C.I. Somerset in Somerset, PA. (*Id*. p. 1.)

On April 20, 2007, Mr. Newby petitioned this Court for a writ of habeas corpus

pursuant to Title 28 of the United States Code, section 2254.  (Doc. 1.)  This petition was denied by Order of the Court on April 27, 2007 (Doc. 3) for lack of subject matter jurisdiction, because Mr. Newby had failed therein to allege any violation of his rights under the U.S. Constitution or any statute or treaty of the United States.  On May 23, 2007, the present "Motion to Vacate Judgement (sic) Dismissing Complaint: For Leave to Amend: And For Extension of Time to File a Memorandum in Support of the Amended Habeas §2254 Petition", which the Court reads as a motion for reconsideration, was filed. (Doc. 4.)

## LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry.  FED. R. CIV. P. 59(e).  The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).  A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999).  "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between

the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002).  "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly.  *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

Petitioner argues in the present motion that the Court denied his habeas petition in error because the Commonwealth had violated the Sixth Amendment to the United States Constitution by failing to meet their burden of proving every element of involuntary manslaughter beyond a reasonable doubt, and that the trial court erred by shifting the burden of proof from the Commonwealth to the Petitioner with respect to his assertion of self-defense.  (Doc. 4, p. 1.)

The Court need not analyze the merits of Petitioner's arguments, however, because Mr. Newby failed to comply with Rule 59(e) by moving to alter or amend the Court's judgment within ten days of its entry date, on April 27, 2007.  Thus, Petitioner's motion for reconsideration (Doc. 4) will be dismissed.

An appropriate order follows.

May   29  , 2007                                          /s/ A. Richard Caputo  
                                                              A. Richard Caputo  
                                                              United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VINCENT R. NEWBY,

   Petitioner,

     v.

GERALD L. ROZUM, *Superintendent*, *S.C.I. Somerset*,

   Respondent.

NO. 3:07-CV-00734

(JUDGE CAPUTO)

## **ORDER**

**NOW**, this __29th__ day of May, 2007, **IT IS HEREBY ORDERED** that:

(1)    Petitioner Vincent R. Newby's Motion for Reconsideration (Doc. 4) is **DISMISSED**.

(2)    The Clerk of the Court is directed to mark this case as **CLOSED**.


       /s/ A. Richard Caputo  
       A. Richard Caputo  
       United States District Judge